UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

THE INDEPENDENT ORDER OF
FORESTERS,

    Plaintiff,

v.

DUJWAN C. BERRY and
ANNETTE JACKSON

    Defendants.

Case No. _____

Hon. _____

BODMAN PLC
Erica J. Sarver (P80106)
Emily P. Jenks (P84497)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
313-259-7777
Attorneys for Plaintiff

## COMPLAINT FOR INTERPLEADER

Plaintiff, The Independent Order of Foresters ("Foresters") states for its Complaint for Interpleader against Defendants Dujwan C. Berry ("Berry"), and Annette Jackson ("Jackson") as follows:

1.    Foresters is, and at all relevant times was, a fraternal benefit society organized and existing pursuant to the laws of Canada with its principal place of business in Toronto, Ontario, Canada. Foresters is considered, for purposes of this action, to be a citizen of Canada.

2. Defendant Dujwan C. Berry is an individual citizen residing at 501 Johnson St., South Bend, Indiana, 46628.

3. Defendant Annette Jackson is an individual citizen residing at 511 Cass Street, Niles, Michigan, 49120.

4. This action concerns the disbursement of life insurance proceeds under Certificate Number 8845210 issued to Mr. Donald Cross, who is deceased.

5. The Certificate that is the subject of this interpleader complaint was issued by Foresters in the State of Michigan. A true and correct copy is attached as Exhibit A.

6. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1335 because this is an interpleader action regarding a policy of insurance with a payable benefit that exceeds $500 that is claimed by two or more claimants of diverse citizenship.

7. Foresters requests that this Court determine the rightful beneficiary to those proceeds because there are two or more adverse claimants who seek the funds at issue, and Foresters may be subject to double or multiple liability.

8. Venue is proper in this court under 28 U.S.C. § 1397 because Defendant Jackson resides in this Judicial District, and under 28 U.S.C. § 1391(b)(3), which provides that a civil action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

9. This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. § 2361, which provides that in any civil action of interpleader, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument, or obligation involved in the interpleader action until further order of the court.

## THE BENEFITS AT ISSUE

10. Mr. Cross obtained the Policy on or about September 10, 2018. *See* Ex. A. The Policy was a whole life insurance certificate.

11. The Policy provides that an insured may name "one or more than one primary or contingent beneficiary." Ex. A, at p. 9. On the death of the insured, "[e]ach primary beneficiary will be paid their share of the death proceeds." *Id*. Alternately, "[i]f no beneficiary survives the insured or if no beneficiary is designated, this payment will be made to you or your estate." *Id*.

12. In his Application, Mr. Cross designated his son, Dujan C. Berry as his primary beneficiary. *See* Exhibit B, Application page 2.

13. On or around May 11, 2023, Foresters received a Change of Beneficiary Form, in which Mr. Cross designated Annette Jackson—his fiancée, as primary beneficiary with 100% share. This form was witnessed by Marvin Hill. *See* Exhibit C, Change of Beneficiary Form.

14. The Policy further states that the insured's "rights or obligations and that of anyone, including the insured or anyone rightfully claiming under this certificate or a rider, will be determined by the laws of the state governing." Ex. A, at p. 15. As of the Policy's issue date, Mr. Cross resided in Niles, Michigan.

15. The life insurance benefit at issue is $5,000.00 (the "Benefit"), *Id*. at p. 3.

16. On June 12, 2023, Mr. Cross passed away.

## DISPUTE GIVING RISE TO INTERPLEADER CLAIM

17. On June 14, 2023, Foresters received a phone call from Dee Williams, girlfriend of Dujwan C. Berry, indicating that the current beneficiary was never Mr. Cross' fiancée and that she believes that the change of beneficiary was done fraudulently.

18. On or about June 14, 2023, Dujwan C. Berry submitted a letter to Foresters indicating that Mr. Cross had lacked sufficient mental and physical capacity during the months of April 2023 to June 2023, and therefore would not have been able to make a beneficiary change. *See* Exhibit D, June 14, 2023 Letter.

19. On June 14, 2023, Foresters received a phone call from Annette Jackson to confirm that Foresters will not be paying the funeral home.

20. On June 16, 2023, Foresters sent out correspondence to both defendants advising of the competing claims and requesting that the parties reach an agreement, failing which it would interplead the funds. *See* Exhibit E, June 16, 2023 Letters to claimants.

21. On November 17, 2023, Foresters received a phone call from Annette Jackson indicating that she was out of state and had just received our letter of June 16, 2023. Jackson advised that there was no potential of an agreement and her willingness to go to court if needed.

22. On November 12, 2024, Foresters received an email from attorney for Dujwan Berry attaching Letters of Authority providing Mr. Berry the authority to act on behalf of the Estate of Donald Cross, Registrar's Statement and Berry's photo ID. *See* Exhibit F, Email of November 12, 2024.

23. To date, Foresters has not received formal claim forms or supporting documents from either claimant.

24. The competing claims to the Benefit and uncertainty as to Mr. Cross' beneficiary designation raises questions of fact and law that cannot be resolved without exposing Foresters to the risk of duplicative liability.

25. Foresters is an innocent stakeholder with respect to the Benefit. It has no claim to the Benefit and stands ready to pay this amount to the proper party or into the Court as soon as an order directing it to do so is entered.

26. Foresters further alleges that it has not brought and does not bring this Complaint for Interpleader at the request of any one of the Defendants; that there is no fraud or collusion between it and any one of the Defendants; that it has not been indemnified by any of the Defendants with respect to the matters involved in this case; and that it brings this Complaint for Interpleader of its free will so as to avoid being vexed and harassed by conflicting and multiple claims.

WHEREFORE, Foresters respectfully requests:

(a) That this Court issue an Order allowing Foresters to pay the Benefit at issue into the Court;

(b) That Defendants be required to answer this Complaint for Interpleader so as to settle their rights to the Benefit;

(c) That this Court determine to whom the Benefit at issue is due and owing;

(d) That Foresters be discharged of any and all liability to Defendants, any other such persons who may appear to have an interest in the Benefit and who may subsequently appear as parties in this case, and to all other persons whatsoever from any and all claims to the Benefit at issue;

(e) That Defendants and any other persons as may appear to have an interest in the Benefit, and who may subsequently appear as parties in this case, upon determination by this Court of the matters at issue herein, be enjoined and restrained

4931-6427-0622_1

by Order of this Court from instituting and prosecuting any action in any court to recover the Benefit at issue, or proceeding on the basis of any right arising out of the Benefit or the life insurance coverage provided to Donald Cross under the Policy;

(f) That Foresters be awarded a reasonable amount to defray its costs and attorneys' fees incurred in the bringing of this Complaint for Interpleader, which it was compelled to institute through no fault of its own; and

(g) That Foresters be awarded such other relief as this Court deems just and proper.

>BODMAN PLC
>
>/s/ Erica J. Sarver
>Erica J. Sarver (P80106)
>Emily P. Jenks (P84497)
>6th Floor at Ford Field
>1901 St. Antoine Street
>Detroit, Michigan 48226
>(313) 259-7777
>esarver@bodmanlaw.com
>ejenks@bodmanlaw.com
>*Attorneys for Plaintiff*

Dated: February 21, 2025.